Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000558
09-JUN-2017
07:54 AM

NO. CAAP-16-0000558

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
BENJAMIN EDUWENSUYI, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTA-16-00425)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Ginoza, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Benjamin Eduwensuyi (Eduwensuyi) with operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (2007).[1] At trial, the State presented evidence that a police officer pulled over Eduwensuyi's truck after observing it being driven erratically, including weaving in and out of its lane, crossing over a double solid yellow line into the lane of oncoming traffic, and causing a oncoming vehicle to have to brake

---

[1] HRS § 291E-61(a)(1) provides:

    (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

        (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

suddenly. While approaching Eduwensuyi's truck, the officer saw Eduwensuyi climb from the driver's seat into the passenger seat, switching places with another occupant of the truck. The officer observed that Eduwensuyi's eyes were red and watery, his breath smelled of alcohol, his speech was "a little slurred[,]" and Eduwensuyi was unsteady and swayed while standing.

The District Court of the First Circuit (District Court)[2] found Eduwensuyi guilty as charged. The District Court entered its Judgment on July 11, 2016.

On appeal, the sole point of error raised by Eduwensuyi is his contention that the District Court's "ultimate" colloquy as required by Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995), was deficient and therefore his waiver of the right to testify was invalid. As explained below, we conclude that the District Court satisfied the requirements of Tachibana and that Eduwensuyi validly waived his right to testify. We therefore affirm his OVUII conviction.

I.

The record shows that the bench trial held by the District Court and its post-trial sentencing of Eduwensuyi took a total of 50 minutes. The proceedings began at 3:17 p.m. and concluded at 4:07 p.m. The State called one witness and Eduwensuyi did not put on a case.

At the start of the proceedings, before the State called its first witness, the District Court engaged in the following advisement of rights with Eduwensuyi:

> THE COURT: . . . . I want to tell you before the trial starts today is that the court -- and I have to advise you that you have a right to testify if you choose to do so.
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And you also have a right not to testify. That's up to you. I'll question you further toward the end of the trial as to whether or not you want to waive either of these rights, to make sure that you've been fully informed of your rights and to make sure that any decision you make is your decision, it's voluntary, okay. So your

---

[2] The Honorable Richard J. Diehl presided.

attorney can give you advice about whether or not you should or should not testify, but ultimately, it's your decision. Do you understand that?

    THE DEFENDANT: Yes, Your Honor.

After the State rested and before the defense rested, the District Court engaged in the following exchange with Eduwensuyi:

    THE COURT: . . . Does the defense -- would the defense like to put on a case or --

    [DEFENSE COUNSEL]: No, Your Honor, we're going to make a generic motion for judgment of acquittal, and then we'll rest.

    THE COURT: Very well. And let me just make certain that your client understands that, sir, you do have a right to testify if you choose to do so, as I said at the beginning of the trial. And if you testify, though, the prosecutor can cross-examine you and ask you questions. If you decide not to testify, the court -- I can't hold it against you, nor would I, that you are not going to testify. Okay, doesn't mean anything one way or the other to the court. Do you understand these rights?

    THE DEFENDANT: Yes, Your Honor.

    THE COURT: All right. And have you consulted with your attorney about whether or not you wish to testify?

    THE DEFENDANT: I like to take a second to do so right now, sir.

    THE COURT: Pardon me?

    THE DEFENDANT: I'd like to take a second right now, Your Honor --

    THE COURT: All right --

    THE DEFENDANT: -- to do so again.

    THE COURT: -- very well.

    THE DEFENDANT: Yes, Your Honor.

    THE COURT: You have consulted with your attorney?

    THE DEFENDANT: Yes.

    THE COURT: And do you wish to testify?

    THE DEFENDANT: No, I'm not --

    THE COURT: Okay.

    THE DEFENDANT: -- Your Honor.

3

> THE COURT: Okay, the court finds that the defendant has been advised of his rights, has knowingly, intelligently, and voluntarily waived the right to testify or not to testify. Okay, thank you.

## II.

In Tachibana, the supreme court stated that:

> In conducting the [ultimate] colloquy, the trial court must be careful not to influence the defendant's decision whether or not to testify and should limit the colloquy to advising the defendant
>
>> that he or she has a right to testify, that if he or she wants to testify that no one can prevent him or her from doing so, and that if he or she testifies the prosecution will be allowed to cross-examine him or her. In connection with the privilege against self-incrimination, the defendant should also be advised that he or she has a right not to testify and that if he or she does not testify then the jury can be instructed about that right.

Tachibana, 79 Hawai'i at 236 n.7, 900 P.2d at 1303 n.7 (citation and brackets omitted).

Here, although the District Court neglected in its "ultimate" end-of-trial colloquy to advise Eduwensuyi that if he wanted to testify, no one could prevent him from doing so, the District Court adequately covered this advisement in its pre-trial exchange with Eduwensuyi. Just prior to the beginning of trial, the District Court advised Eduwensuyi: "[Y]ou have a right to testify if you choose to do so. . . . And you also have a right not to testify. That's up to you. . . . So your attorney can give you advice about whether or not you should or should not testify, but ultimately, it's your decision." Eduwensuyi indicated that he understood the District Court's advisement.

Given the short time between the District Court's pre-trial and end-of-trial advisements, Eduwensuyi's acknowledgment of his understanding of his rights, and Eduwensuyi's opportunity to further consult with his counsel before waiving his right to testify, we conclude that the District Court's actions were sufficient to satisfy the requirements of Tachibana. Under the totality of the facts and circumstances of this case, see State v. Han, 130 Hawai'i 83, 89, 306 P.3d 128, 134 (2013), we conclude that Eduwensuyi validly waived his right to testify.

4

III.

Based on the foregoing, we affirm the District Court's Judgment.

DATED: Honolulu, Hawai'i, June 9, 2017.

On the briefs:

Cameron T. Holm
Deputy Public Defender
for Defendant-Appellant.

Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge